UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESTER PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-CV-403 |
| | ) (PHILLIPS/GUYTON) |
| V. | ) |
| | ) |
| ROGERS GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 8] referring Defendant's Motion to Compel Discovery and Disclosures [Doc. 6] to the undersigned for disposition or report and recommendation as may be appropriate. The parties appeared before the undersigned on January 11, 2013, to address the Motion to Compel. Attorney Michael G. Hatmaker was present representing the Plaintiff, and Attorney Rebecca Brake Murray was present representing the Defendant.

In its Motion to Compel Discovery and Disclosures, the Defendant submits that the parties, through counsel, held a Rule 26(f) meeting and agreed to the Discovery Plan filed with the Court on September 7, 2012. The Discovery Plan stated that the parties would provide Rule 26(a)(1) Disclosures to the opposing party on or before October 31, 2012. [Doc. 5 at ¶ 2]. Defendant states that counsel mailed Plaintiff's counsel Defendant's First Set of Interrogatories and Document Requests to Plaintiff [Doc. 6-2] on September 14, 2012. [Doc. 6 at ¶ 3]. Defendant states further that counsel for the Defendant emailed Plaintiff's counsel on October 23, 2012, and again on October 30, 2012, asking counsel to respond to the discovery. [Doc. 6 at

¶¶ 4-5]. On November 1, 2012, Defendant's counsel sent a letter to Plaintiff's counsel asking that the Plaintiff respond to the discovery on or before November 7, 2012. [Doc. 6 at ¶ 6]. Finally, Defendant submits that on November 27, 2012, counsel sent an email to Plaintiff's counsel again asking for discovery responses. [Doc. 6 at ¶ 7]. Defendant states that Plaintiff's counsel did not respond to any of defense counsel's communications, and as of the filing of the Motion to Compel on December 11, 2012, the Plaintiff had not provided Rule 26(a)(1) disclosures or responded to the written discovery. [Doc. 6 at ¶ 7].

The Defendant moves the Court for an Order compelling the Plaintiff to respond to the written discovery and to serve his Rule 26(a)(1) disclosures. In addition, the Defendant moves the Court to award Defendant attorney's fees and costs associated with filing this Motion to Compel. [Doc. 6 at 2-3].

The Plaintiff did not respond to the Motion to Compel, and the period for responding has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the Plaintiff's failure to respond during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter."). The Motion to Compel may be granted on this basis alone.

At the hearing held January 11, 2012, Ms. Murray confirmed, on behalf of the Defendant, that she had not received initial disclosures or responses to the written discovery from Plaintiff and that as a result depositions in this case were reset.

Mr. Hatmaker confirmed that: he agreed to and signed the Discovery Plan filed with the Court; he had not provided Ms. Murray initial disclosures from the Plaintiff; Ms. Murray had sent emails and letters to Mr. Hatmaker attempting to secure responses and disclosures; and he

did not responded to this correspondence. Mr. Hatmaker confirmed that as of the date of the hearing, Plaintiff still had not provided responses to the written discovery or provided Rule 26(f)(1) disclosures to Defendant. Mr. Hatmaker indicated that he was responsible for the failure to comply with discovery obligations in this case, and he presented no objection to an award of fees. Mr. Hatmaker represented to the Court that he could have the responses to the written discovery and initial disclosures to Ms. Murray on or before January 25, 2013.

Based upon the foregoing, the Court finds that the Motion to Compel **[Doc. 6]** is well-taken. It is **GRANTED**, as follows:

1. Plaintiff **SHALL PROVIDE** full and complete Initial Disclosures to Ms. Murray on or before **January 25, 2013**.

2. Plaintiff **SHALL PROVIDE** full, complete, and signed responses to the Defendant's First Set of Interrogatories and Document Requests to Plaintiff to Ms. Murray on or before **January 25, 2013**.

3. Plaintiff **SHALL COOPERATE** in the scheduling of depositions in this case.

4. The Plaintiff and Mr. Hatmaker are **ADMONISHED** that failure to comply with this Memorandum and Order may result in a recommendation to the District Judge that: "designated facts be taken as established for purposes of the action"; Plaintiff be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; pleadings be struck in whole or part; the failure to obey the Court's Memorandum and Order be treated as **contempt of court**; and/or **this case be dismissed in whole or part**. See Fed. R. Civ. P. 37(b).

5. The Court will award Defendant fees and expenses incurred as a result of Plaintiff's failure to fulfill his discovery obligations. The Court finds that

Attorney Michael Hatmaker is solely responsible for this failure, and therefore, the award of fees and expenses will be assessed against Mr. Hatmaker personally.

6. Ms. Murray **SHALL FILE** an affidavit stating the fees and expenses incurred by Defendant in attempting to remedy the Plaintiff's non-compliance. The affidavit should include a statement of fees incurred between October 23, 2012, the date of Ms. Murray's first follow-up email, through the completion of the affidavit of fees and expenses. After reviewing Ms. Murray's filing, the undersigned will order an appropriate amount of fees and expenses be paid.

**IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge

4

Case 3:12-cv-00403   Document 9   Filed 01/11/13   Page 4 of 4   PageID #: 66